KAB

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF ARIZONA

Jitender Jitender,

Petitioner,

v.

Eric Rokosky, et al.,

Respondents.

No. CV-26-01639-PHX-MTL (DMF)

**ORDER**

Petitioner Jitender Jitender filed this action pursuant to 28 U.S.C. § 2241 challenging his re-detention after approximately three years of conditional release during pending removal proceedings. The Court directed Respondents to answer the Petition. In Response, Respondents argue that Petitioner's detention is mandatory under 8 U.S.C. § 1225(b)(2)(A).

**I. Background**

The Verified Petition states that Petitioner entered the United States without inspection on January 7, 2023 and was apprehended by Customs and Border Protection inside the United States the same day. (Doc. 1 at 1.) He was released on his own recognizance on January 8, 2023 under 8 U.S.C. § 1226(a)(2)(B) (conditional parole), and was placed in removal proceedings under 8 U.S.C. § 1229a. (*Id.* at 2.) The Petition specifically states that Petitioner was not released on humanitarian parole under § 1182(d)(5). (*Id.* at 13-14.)

. . . .

Following his release, Petitioner applied for asylum, obtained employment authorization, obtained a driver's license, and complied with his immigration-court appearances and required appointments. (*Id.* at 2, 14.) Immigration officials re-arrested him on approximately February 17, 2026. (*Id.* at 14.) Petitioner asserts that he received no advance notice or pre-deprivation hearing, that no material circumstances had changed, and that officials made no individualized determination that he posed a danger or flight risk. (*Id.* at 2, 7.) Petitioner is not subject to a final removal order. (*Id.* at 14.)

The Court's Screening Order dismissed Ground Three, which challenges detention under § 1225(b), on the premise that Petitioner had received humanitarian parole under § 1182(d)(5). The Court required a response to the remaining claims. (Doc. 3.) In their Response, Respondents assert that that Petitioner presented himself at a port of entry on January 7, 2023 and was classified as an arriving alien. (Doc. 4 at 1-2.) In support of that position, Respondents cite paragraph 3 of the Petition. (*Id.* at 2.) But paragraph 3 of the Petition states Petitioner entered "without visa or inspection and was encountered and apprehended by Customs and Border Protection inside the United States." (Doc. 1 at 2.) In their Response, Respondents contradict themselves by also stating that "In November 2023 Petitioner presented himself at a port of entry and was released into the United States." (Doc. 4 at 6.) Although Respondents cite "*Id.* at 6," the prior citation is to caselaw that does not support a factual assertion in this action. (*Id.*) Respondents do not support either account of a port-of-entry presentation.

In short, Respondents' statutory and constitutional arguments depend on the proposition that Petitioner presented at a port of entry and was subsequently released under § 1182(d)(5). But Respondents have not supported that assertion with any evidence.

Petitioner's supplement reiterates that his release was conditional parole under § 1226(a), not humanitarian parole under § 1182(d)(5), and identifies intervening Ninth Circuit authority. (Doc. 5.)[1] In short, the Verified Petition expressly addresses the nature

[1] Although the supplement refers to "Exhibit 1," the Court could not locate any Exhibit in the Record.

of Petitioner's release and Respondents' contrary factual assertions are unsupported and rest in part on a citation that contradicts them.

## II. Jurisdiction

The Court has jurisdiction under 28 U.S.C. § 2241 to determine whether Petitioner is held in violation of federal law or the Constitution. Petitioner challenges the statutory authority and constitutionality of his detention. The Court has jurisdiction to decide whether the asserted detention authority applies and whether the detention is constitutional. *See Jennings v. Rodriguez*, 583 U.S. 281, 295-96 (2018).

## III. Discussion

The Court dismissed Ground Three on the premise that Petitioner received humanitarian parole under § 1182(d)(5). The Court now revisits its prior ruling. The Petition expressly alleges release under § 1226(a)(2)(B), and Respondents have not established otherwise. (Docs. 1, 3, 4.) Intervening controlling authority also warrants reconsideration. In *Rodriguez Vazquez v. Bostock*, the Court of Appeals held that noncitizens present without admission who are apprehended in the interior are subject to § 1226, rather than mandatory detention under § 1225(b)(2)(A). 183 F.4th 1160 (9th Cir. 2026). The Court therefore vacates the portion of its Screening Order dismissing Ground Three.

On this record, Respondents have not established the factual premise for treating Petitioner as an arriving alien subject to mandatory detention under 8 U.S.C. § 1225(b)(2)(A). Accordingly, 8 U.S.C. § 1226(a), rather than 8 U.S.C. § 1225(b)(2)(A), governs the detention challenged here. See *Rodriguez Vazquez*, 183 F.4th at 1165 (identifying 8 U.S.C. § 1226 as the governing detention framework for noncitizens present without admission who are apprehended in the interior).

Congress authorized discretionary detention, release on bond, and conditional parole under 8 U.S.C. § 1226(a). Federal regulations provide for individualized custody review before an immigration judge within that framework. *See Jennings v. Rodriguez*, 583 U.S. 281, 306 (2018) (explaining that federal regulations provide bond hearings at the

outset of detention under 8 U.S.C. § 1226(a)); *Rodriguez Diaz v. Garland*, 53 F.4th 1189, 1202 (9th Cir. 2022) (describing the procedural protections available under 8 U.S.C. § 1226(a), including a hearing before a neutral decisionmaker, representation by counsel, presentation of evidence, and administrative review).

Respondents' contention that Petitioner cannot obtain a bond determination rests on their position that he must be treated as an arriving alien subject to mandatory detention. (Doc. 4 at 5, 8 n.2.) Because the Court overrules that position on the record presented, Respondents may not rely on it to deny Petitioner an individualized custody determination under 8 U.S.C. § 1226(a). *See Rodriguez Vazquez*, 183 F.4th at 1165, 1167 (distinguishing mandatory detention under 8 U.S.C. § 1225(b)(2)(A) from discretionary detention and bond proceedings under 8 U.S.C. § 1226(a)).

Accordingly, Respondents must provide an individualized bond hearing under 8 U.S.C. § 1226(a). *See Cai v. Mullin*, No. 5:26-CV-05172-CTS, 2026 WL 3002628, at *1 (C.D. Cal. Oct. 6, 2026) (requiring an individualized bond hearing within seven days rather than immediate release and specifying the standard governing release on bond). The immigration judge must assess whether Petitioner warrants release under the governing law, including whether he presents a danger to the community or a risk of flight.

**IT IS ORDERED:**

(1) The March 10, 2026 Screening Order (Doc. 3) is **amended as follows**: the portion of the Screening Order dismissing Ground Three is **vacated.**

(2) The Petition for Writ of Habeas Corpus (Doc. 1) is **granted in part** as to Ground Three, solely to the extent stated in this Order.

(3) Respondents must ensure that Petitioner receives an individualized bond hearing before an immigration judge under 8 U.S.C. § 1226(a) no later than seven days after entry of this Order.

(4) At that hearing, the immigration judge must consider Petitioner's eligibility for release under 8 U.S.C. § 1226(a). Petitioner must receive a reasonable opportunity to present evidence and argument and to participate through retained counsel. The

immigration judge must not deny custody-review jurisdiction on the ground that Petitioner's detention challenged here falls under 8 U.S.C. § 1225(b)(2)(A).

(5) If Respondents do not provide that hearing within seven days after entry of this Order, Respondents must release Petitioner from the detention challenged in this action upon expiration of that deadline.

(6) Respondents must file a notice confirming compliance within 24 hours after the hearing or Petitioner's release.

(7) Grounds One, Two, or Four of the Petition are **dismissed without prejudice.**

(8) Any pending motions are denied as moot and the Clerk of Court must enter judgment in Petitioner's favor and close this case.

Dated this 23rd day of November, 2026.

Michael T. Liburdi
United States District Judge